**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                  No. Civ. 07-165 LH/RLP

$72,077.00 IN UNITED STATES CURRENCY,

      Defendants,

and

SELVIN SYLVESTER DOUGLAS AND
ROSA DOUGLAS,

      Claimants.

**MEMORANDUM OPINION AND ORDER**

On November 30, 2007, Plaintiff United States of America ("Plaintiff," "the United States," or "the Government") filed a Motion to Strike Answers and for Default Judgment for Failure to File Supplemental Rule G(5) Claim (Doc. 37). On December 19, 2007, Claimants Rosa Douglas and Selvin Douglas ("Claimants") each filed virtually identical responses (Doc. 45 and 46, respectively) in opposition to Plaintiff's motion to strike. On December 28, 2007, Claimant Rosa Douglas filed a Motion to Extend the Time to File the Verified Claim or in the Alternative, Motion to Amend or Supplement the Pleadings (Doc. 52). Claimant Selvin Douglas filed the same motion that same day (Doc. 53). The Court, having considered the motions, briefs, pleadings, and applicable law, finds that Plaintiff's motion to strike and for default judgment should be denied and that Claimant Rosa Douglas' and Claimant Selvin Douglas' motions to extend the time to file their verified claims should both be granted.

**I.     BACKGROUND**

On February 20, 2007, Plaintiff filed a Verified Complaint for Forfeiture in Rem (Doc. 1), seeking to forfeit $72,077.00 in United States currency (the "Currency") and listing Selvin Douglas and Rosa Douglas as potential claimants.  The Verified Complaint alleges the following facts.  On November 16, 2006, Special Agent ("SA") Jarrell Perry observed that a one-way Amtrak ticket from Boston, Massachusetts, to Los Angeles, California, in the name of Thomas Vincent had been purchased in cash four days prior.  On November 16, 2006, SA Perry approached a male, later identified as Selvin Douglas, who gave SA Perry permission to speak to him, to search his luggage, and to conduct a pat-down search of his person.  During the pat-down search, SA Perry found $72,077.00 in cash in five rubber-band wrapped bundles in Mr. Douglas' groin area.  Mr. Douglas attempted to flee the area after the cash was discovered, but was apprehended and arrested.  Mr. Douglas had a driver's license in the name of Thomas Vincent and a temporary driver's license in the name of Dennis Miller.  He also gave two false names to the agents.  During questioning, Mr. Douglas stated that the money belonged to "Mike" and that he picked up the money in Boston and was taking it to California.  On November 20, 2006, Bernalillo County Sheriff's Deputy Larry Harlen's certified drug detection canine alerted positively for the odor of an illegal controlled substance on the bundles of currency.  Based on these allegations, the United States seeks to forfeit the Currency under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 981(a)(1)(A).

Mr. Douglas was served with the verified complaint and summons on February 28, 2007.  *See* Process Receipt and Return (Doc. 6).  On March 4, 11, 18, and 25, 2007, the Albuquerque Journal published notice of the forfeiture of the Currency.  *See* Publication Aff. (Doc. 16).  The notice provided that those claiming any right, title, or interest in the Currency "must file in this action a verified claim within thirty days from the last day of publication of this notice and an

answer to the complaint within twenty days thereafter." *Id.* The notice stated that copies of claims and answers must be mailed to the United States Attorney for the District of New Mexico. *Id.*

Ms. Douglas and Mr. Douglas each filed an Answer to the verified complaint on April 3, 2007. (Doc. 9 and 10, respectively). Claimants did not file separate verified claims. Instead, each Answer began by stating: "[Claimant,] having previously filed a Verified Statement of [I]nterest in this action, hereby Answers the Complaint for Forfeiture in Rem. . . ." *Id.* Claimants' counsel signed the Answers. *Id.* The Verified Statements of Interest referenced in their Answers refer to a letter dated January 3, 2006, that Claimants' counsel had mailed to the Asset Forfeiture Section of the Drug Enforcement Agency ("DEA") in response to an administrative notice of forfeiture.[1] *See* Claimant Rosa Douglas' Resp. (Doc. 45), Ex. A at 1. Attached to the letter was an Affidavit of Rosa Douglas stating that she and Mr. Douglas are the rightful owners of the Currency; that she had loaned a significant portion of the Currency to Mr. Douglas as part of a business venture; that the rest of the Currency was Mr. Douglas' and her joint life savings; and that she contests the forfeiture. *Id.*, Ex. A at 3. Ms. Douglas signed the Affidavit "under the pains and penalties of perjury." *Id.* On January 4, 2007, Mr. Douglas signed an Affidavit "under the pains and penalties of perjury," swearing that he is the rightful owner of the Currency; that Rosa Douglas loaned him a portion of the Currency for a business matter; that the rest of the Currency was the product of Ms. Douglas' and his joint life savings; and that he contests the forfeiture. *Id.*, Ex. A at 4.

---

[1] An agency may begin non-judicial forfeiture proceedings after sending written notice to interested parties. *See* 18 U.S.C. § 983(a)(1). The first step towards retrieving seized property is to file a sworn claim of ownership with the appropriate official from the agency that made the seizure. *See id.* § 983(a)(2)(A). This verified administrative claim notifies the agency of the party's alleged interest in the seized property. *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 161 (1st Cir. 2004). Once a party has filed an administrative claim, the government must either file a complaint for forfeiture in the district court or release the property. *See* 18 U.S.C. § 983(a)(3)(A)-(B).

Plaintiff filed a motion to strike the answers and for default judgment, arguing that Claimants have not established statutory standing to contest the forfeiture because they failed to file a claim under penalty of perjury in accordance with Supplemental Rule G(5). Claimants oppose the motion and have each filed motions to extend the time in which they have to file the verified claims based on their good faith attempts to file verified statements on time by referencing in their Answers the sworn affidavits they provided to the Government in the DEA's administrative forfeiture action.

## II.   DISCUSSION

A forfeiture claimant must meet both Article III and statutory standing requirements before he may contest a forfeiture. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). To show Article III standing, a claimant must show an interest in the property sufficient to create a "case or controversy." *Id.* (quoting *United States v. Contents of Accounts Nos. 3034504504 & 14407143 (In re Friko Corp.)*, 971 F.2d 974, 984 (3d Cir. 1992)).[2] Statutory standing requires compliance with certain procedural requirements. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) (citing with approval *$8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9). A claimant establishes statutory standing by filing a verified statement of claim under Supplemental Rule G(5). *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9.[3]

---

[2] A claimant's burden under Article III is not a heavy one; the claimant only needs to demonstrate a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). Plaintiff in this case has not contested Claimants' Article III standing.

[3] Prior to December 1, 2006, the statutory standing procedures for in rem civil forfeiture actions were set forth in Supplemental Rule C(6). *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9.

Supplemental Rule G sets forth the procedures governing pleadings for in rem civil forfeiture actions arising from a federal statute. *See* Fed. R. Civ. P. G(1). A person who asserts an interest in the property that is the subject of the action must file "a claim in the court where the action is pending." Fed. R. Civ. P. G(5)(a)(i). The claim must be signed by the claimant under penalty of perjury; must identify the specific property claimed, the claimant, and the claimant's interest in the property; and must be served on the government attorney designated in the notice. *Id.* Where the government sent direct notice to a known potential claimant, the claimant must file a claim by the deadline set forth in the direct notice, at least 35 days after the notice is sent. *See* Fed. R. Civ. P. G(5)(a)(ii)(A) & G(4)(b)(i)-(ii). "A claimant must serve and file an answer to the complaint . . . within 20 days after filing the claim." Fed. R. Civ. P. G(5)(b). Supplemental Rule G(8)(c) provides that the government, at any time before trial, may move to strike a claim or answer for failing to comply with Rule G(5) or because the claimant lacks standing. Fed. R. Civ. P. G(8)(c).

Filing a verified statement of interest is essential to establish statutory standing in forfeiture actions. *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007); *United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597-98 (7th Cir. 2000). Verification of the statement is necessary to minimize the danger of false claims, because verification forces the claimant to put himself at risk of perjury for false claims. *See Commodity Account*, 219 F.3d at 597; *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994). Strict compliance with Supplemental Rule G(5) is generally required in the absence of special circumstances. *See Commodity Account*, 219 F.3d at 598.

The filing of a verified statement of interest in an administrative forfeiture proceeding is generally insufficient to bestow statutory standing in civil judicial forfeiture proceedings. *See United States v. $31,852.38 in U.S. Currency*, 183 Fed. Appx. 237, *2-3 (3d Cir. June 6, 2006)

(unpublished opinion) (affirming order granting motion to strike answer and for default judgment where claimant's counsel failed to file statement of interest, verified or otherwise, even though he ultimately filed answer and had filed verified statement of interest in administrative forfeiture proceeding); *United States v. Thirty-Five Firearms*, 123 Fed. Appx. 204, 206-07 (6th Cir. Feb. 15, 2005) (unpublished opinion) (holding that district court did not abuse its discretion in striking claimants' answer for failure to file verified claim, because filing of claim in initial administrative forfeiture action is not adequate substitute for filing verified claim in judicial forfeiture action); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 162-66 (1st Cir. 2004) (finding no abuse of discretion in district court's refusal to vacate default judgment against claimant who filed administrative claim and answer, but neglected to file verified statement or respond to government's motion for default). The reason a claimant must file with the court a separate verified claim, even if he filed an administrative claim, is because the two documents serve distinct purposes: the administrative claim notifies the agency of the claim while the verified statement notifies the court. *$23,000 in U.S. Currency*, 356 F.3d at 166. Because other claimants may emerge with claims against the property after public notice has been given, filing a verified statement with the court is important to notify all other parties of each claim to the property so that all interests may properly be resolved. *Id.*

A district court, however, has discretion to extend the time in which a claimant must file a claim. *See* Fed. R. Civ. P. G(5)(a)(ii) ("Unless the court for good cause sets a different time, the claim must be filed . . . by the time stated in a direct notice . . ."); *51 Pieces of Real Property*, 17 F.3d at 1318. This discretion is not unbounded. *51 Pieces of Real Property*, 17 F.3d at 1318. "The court should exercise its discretion to allow a late claim only if 'the goals underlying the time restriction and the verification requirement are not thwarted.'" *Id.* (quoting *United States v. 1982*

6

*Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985)). The purpose of the time restriction is to force claimants to come forward as soon as possible after forfeiture proceedings have begun so that all interested parties can be heard and the dispute resolved without delay. *Id.* (quoting *1982 Yukon Delta Houseboat*, 774 F.2d at 1436). Factors the court should consider in determining whether to exercise discretion include: when the claimant became aware of the seizure, whether the government encouraged the delay, the reasons for the delay, whether the claimant had advised the court and the government of his interest in the property before the claim deadline, whether the government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, whether the claimant timely petitioned for an enlargement of time, and the amount seized. *See United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004). "The district court should be wary to not confer the sins of the attorney unto the claimant in a civil forfeiture case, especially when the prejudice to the government, if any, is slight." *Id.*

In this case, the United States served its verified complaint and summons on Mr. Douglas on February 28, 2007, and published notice of the forfeiture on March 4, 11, 18, and 25, 2007. Ms. Douglas and Mr. Douglas each filed an Answer to the verified complaint on April 3, 2007. They therefore came forward and attempted to assert a claim of ownership in the Currency shortly after the forfeiture proceedings began and before the claim deadline. The purpose of the time restriction would thus not be thwarted by permitting a late filing of the verified claims in this case.

The Answers also expressly referenced verified statements of interest that Claimants had previously filed in the DEA administrative action. Although Claimants should have filed the verified statements so that they would be part of the Court record, the Answers gave notice to the Court, the Government, and other potential claimants that Claimants had, under penalty of perjury, claimed an interest in the Currency. Claimants have since presented the Court with their sworn

7

affidavits, which contain the information necessary to satisfy Rule G(5). Claimants have thus placed themselves at risk for perjury, minimizing the danger of false claims. Under these circumstances, permitting an extension of time to file the verified claims would not thwart the goals underlying either the time restriction or the verification requirement.

Although Claimants' reasons for failing to strictly follow Supplemental Rule G(5) are weak at best, this factor is outweighed by the fact that the Government has not shown, or even argued, that it would be prejudiced by permitting Claimants to file their verified claims late. Additionally, the substantial amount of currency at issue in this case weighs in favor of resolving the case on the merits, rather than allowing a technical error committed by counsel to determine the case. *See $125,938.62*, 370 F.3d at 1329 ("Forfeiture is a harsh penalty especially when the outcome is forced because of technical and procedural errors.").

For all the foregoing reasons, the Court will extend the time for Claimants to file their verified claims. *See id.* at 1330 (holding that district court abused its discretion in striking putative claimants' second amended verified claims and denying their motion to file untimely verified claim where government was on notice of claimants' identities and that they were asserting their interests in accounts, amount at issue was substantial, prejudice to government in allowing extension was minimal, and policy interests underlying Supplemental Rule C(6) were satisfied); *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 563 (7th Cir. 1988) ("Where the claimants have made a good-faith effort to file a claim and where the government can show absolutely no prejudice by the granting of an extension of time, we think it an abuse of discretion to deny an extension of time to amend a claim of ownership, absent any countervailing factors. This is especially true in a case where the defect is technical, where it was made by the attorney and not the claimants, and where the amount of currency is so large.") (internal citations and footnote

omitted).

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion to Strike Answers and for Default Judgment for Failure to File Supplemental Rule G(5) Claim (Doc. 37) is **DENIED**;

2. Claimant Rosa Douglas' Motion to Extend the Time to File the Verified Claim or in the Alternative, Motion to Amend or Supplement the Pleadings (Doc. 52) is **GRANTED**;

3. Claimant Selvin Douglas' Motion to Extend the Time to File the Verified Claim or in the Alternative, Motion to Amend or Supplement the Pleadings (Doc. 53) is **GRANTED**; and

4. Claimants Rosa Douglas and Selvin Douglas must each file verified claims that comply with Supplemental Rule G(5) within **TEN DAYS** from entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE